IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER G. POLITIS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-08-2207 |
| | § |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER**

Christopher Politis asks this court to allow him to "proceed[] with appeal [late] because of the special circumstances" and to allow him to proceed *in forma pauperis* on appeal, without prepayment of fees. On February 17, 2009, the magistrate judge issued a memorandum and recommendation to dismiss the case. (Docket Entry No. 5). Politis filed a notice of appeal on March 9, 2009. (Docket Entry No. 6). This court adopted the magistrate judge's memorandum and recommendation and dismissed the case on March 12, 2009. (Docket Entry No. 7). On May 5, 2009, the Fifth Circuit dismissed Politis's appeal for lack of jurisdiction because the premature notice of appeal was invalid. (Docket Entry No. 11). On June 5, 2009, Politis moved to proceed with the appeal *in forma pauperis*. (Docket Entry Nos. 12, 13). He asserts that he received the filing fee instructions late because the "post office did not serve[] the plaintiff timely and therefore this court should allow plaintiff to file appeal" late and without prepayment of fees. (*Id.*).

Rule 24 of the Federal Rules of Appellate Procedure provides:

> A party *who was permitted to proceed in forma pauperis in the district-court action*, . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
>   A. *the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith* or finds

>that the party is not otherwise entitled to proceed in forma pauperis
>and states its reasons for the certification or finding.

FED. R. APP. P. 24(a)(3) (emphasis added). The Committee Notes to this rule make clear that it does not alleviate the authority of the court to prevent a frivolous appeal from being pursued by a *pro se* litigant:

>The [Rule] permits one whose indigency has been previously determined by the district court to proceed on appeal in forma pauperis without the necessity of a redetermination of indigency, *while reserving to the district court its statutory authority to certify that the appeal is not taken in good faith*, 28 U.S.C. § 1915(a) . . . .

FED. R. APP. P. 24 Committee Notes (emphasis added).

"Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* at 220 (quotation marks omitted). A movant must demonstrate the existence of a non-frivolous issue for appeal. *See Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal *in forma pauperis* must be granted. *Howard*, 707 F.2d at 220 (citation omitted). The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Politis was granted leave to proceed *in forma pauperis* in the underlying case. However, even if Politis demonstrates that he still lacks the financial resources to prosecute an appeal, his motion is denied. The same considerations that led this court to adopt the magistrate judge's memorandum and recommendation dismissing the case also compel the conclusion that any appeal as to Politis's claims would be frivolous. "Frivolous cases harm the justice system. The brunt of the harm is borne by those who seek and are entitled to relief from our courts . . . . When frivolous

complaints consume inordinate amounts of scarce judicial resources, valid complaints suffer from delay and all of the negative aspects of delay.  The frivolous filings by [Politis] pose[] such a burden on legitimate complaints." *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994).  This court is unable to certify that the motion to appeal *in forma pauperis* is in good faith.

Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Politis may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir.1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

SIGNED on June 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge